United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41165
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO GONZALEZ-FLORES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-147-ALL
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Alejandro Gonzalez-Flores (Gonzalez) appeals his guilty plea conviction and sentence for illegal reentry. He argues that his Georgia aggravated assault conviction did not constitute a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) and that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b)(1), (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Using a "common sense approach," we hold that the generic, contemporary meaning of the offense of aggravated assault includes the intentionally-caused apprehension of injury, 2 W.R. LaFave & A. Scott, Substantive Criminal Law, § 16.3 (2d ed. 2005), and that Gonzalez's Georgia offense falls within that generic, contemporary meaning. United States v. Santiesteban-Hernandez, 469 F.3d 376, 378-79 (5th Cir. 2006); United States v. Sanchez-Ruedas, 452 F.3d 409, 411, 414 (5th Cir.), cert. denied, 127 S. Ct. 315 (2006). We therefore hold that the crime-of-violence enhancement was warranted.

Gonzalez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Gonzalez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Gonzalez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.