# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-20419
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

REFUGIO FERNANDEZ, JR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-177-1

Before KING, GARWOOD, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-appellant Refugio Fernandez, Jr., appeals his sentence following his guilty plea conviction of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, conspiracy to possess with intent to distribute cocaine, aiding and abetting the possession with intent to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

distribute 50 grams or more of methamphetamine, and aiding and abetting the possession with intent to distribute cocaine.

The district court calculated Fernandez's advisory guideline range under guidelines § 4B1.1 on the basis that his two prior Texas aggravated assault convictions constituted convictions for crimes of violence. Under U.S.S.G. § 4B1.1, note 1, one looks to section 4B1.2 for the definition of crime of violence. Section 4B1.2(a) provides:

> "(a)     The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
>   (1)     has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
>   (2)     is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

Application note 1 to section 4B1.2 states that "[f]or purposes of this guideline–

> "'Crime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as 'crimes of violence' if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another."

The PSR advised that Fernandez's two prior Texas convictions for aggravated assault constituted crimes of violence. Fernandez filed (on May 17, 2007) a written objection to this portion of the PSR on the basis that at the time of the 1991 aggravated assault Fernandez was 17 years old and "[u]nder Federal

law Defendant would have been a minor. Under Texas law he is considered an adult."[1] His objection also asserted that "there is not enough documentation for the court to ascertain if the two aggravated assaults are a crime of violence. See United States v. Garcia, 470 F.3d 1143 (5th Cir. 2006)."[2] At the sentencing hearing (on May 25, 2007), Fernandez's counsel initially said he had nothing to add to his written objections to the PSR. After the district court adopted the PSR (as modified) and announced its advisory guideline determinations, the court asked defense counsel if he had anything further. Counsel then reiterated that Fernandez was only 17 when the 1991 prior aggravated assault was committed. The court then asked the government if it had anything. The government then offered in evidence a copy of the indictments and judgments of conviction on each of the two prior Texas aggravated assault convictions. It noted that this was in response to defense counsel's objection that there was a lack of documentation regarding the prior crimes of violence. Defense counsel objected, stating only:

> "Your Honor, I have seen those documents, and we would object to them as not being timely offered into evidence. This case is over eight months old, I think. We would object on the timeliness issue."

---

[1] This objection has not been raised on appeal and is hence abandoned. In any event, it is facially without merit. See § 4B1.2, application note 1 ("A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted . . .").

[2] In Garcia we remanded an enhancement under § 4B1.1 depending on a prior Colorado guilty plea conviction for third degree misdemeanor assault as we did "not have the Colorado state indictment before us" and hence could not identify "under which portion of the Colorado assault statute Garcia was convicted" and directed the district court to "order the government to supplement the record with the charging documents." Id. at 1148.

The district court overruled the objection and admitted the documents in evidence.

The only point of error urged by Fernandez on appeal is that the district court erred by admitting and considering the indictment and judgment of conviction for each of the two prior Texas aggravated assault convictions. The only objection made below was that those were not timely submitted. That objection is wholly without merit. The documents were tendered in response to defendant's "lack of documentation" objection made some two weeks previously; defense counsel had admittedly "seen those documents" and did not ever claim any surprise. Nor could any such reasonably be claimed. Moreover, the PSR also provided adequate notice. See, e.g., United States v. Howard, 444 F.3d 326 (5th Cir. 2006). And, FED. R. CRIM. P. 32(i)(2) specifically provides that at sentencing "[t]he court may permit the parties to introduce evidence on the objections." Finally, there has never been any claim that the exhibits in question were in any way incorrect, incomplete or otherwise in error.

The district court did not err in admitting the exhibits. No other relevant objection to application of section 4B1.1 was both made below and carried forward here.

In this court, appellant's new counsel seems to argue that the two prior aggravated Texas aggravated assault convictions are not for crimes of violence under sections 4B1.1 and 4B1.2. Such argument – assuming arguendo that it is adequately now advanced – was not raised below, and hence is reviewable only for plain error.

We hold that there was no error in this respect, plain or otherwise.

As we said in United States v. Sanchez-Ruedas, 452 F.3d 409, 413 (5th Cir. 2006):

"Because the guidelines do not define the enumerated crimes of violence, this court adopts a 'common sense approach,' defining each crime by its 'generic, contemporary meaning' . . . . [citations]. See also United States v. Murillo-Lopez, 444 F.3d 337, 344 (5th Cir. 2006) ('Applying a common sense approach and the ordinary, contemporary and common meaning')."

The relevant Texas Penal Code provisions are as follows:

"§ 22.01. Assault

(a) A person commits an offense if the person:

> (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;
>
> (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
>
> (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.
> . . .

§ 22.02. Aggravated Assault

(a) A person commits an offense if the person commits assault as defined in § 22.01 and the person:

> (1) causes serious bodily injury to another, including the person's spouse; or
>
> (2) uses or exhibits a deadly weapon during the commission of the assault."

We held in United States v. Guillen-Alvarez, 489 F.3d 197 (5th Cir. 2007), that the offense denounced by section 22.02(a) was a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because it constituted "aggravated assault," as

referenced in that guideline's list of offenses which were crimes of violence.[3]  In Guillen-Alvarez, we specifically relied on the fact that section 22.02(a) is predicated on "'the two most common aggravated factors'" which other states employ to elevate an ordinary assault offense to aggravated assault, namely "'the causation of serious bodily injury and the use of a deadly weapon.'" Id. at 200 (quoting United States v. Mungia-Portillo, 484 F.3d 813, 817 (5th Cir. 2007)). Because article 22.02(a) – quoted in Guillen-Alvarez – states these two factors in the alternative and only one (use of a deadly weapon) was present there, it is clear that under Guillen-Alvarez either alone suffices to properly elevate a section 22.01(a) assault to aggravated assault within the meaning of that term in the above quoted portion of application note 1 to section 4B1.2.

Here, the indictment charging the 1991 aggravated assault, of which appellant was convicted on his plea of guilty thereto, alleged that Fernandez in Harris County, Texas, "on or about December 21, 1991 did then and there unlawfully intentionally and knowingly threaten imminent bodily injury to Roderick A. Rosemond by using a deadly weapon, namely, a firearm."

This 1991 offense is plainly an assault under Penal Code § 22.01(a)(2) which section 22.02(a)(2) makes into an aggravated assault by reason of the use of a deadly weapon.

Similarly, the indictment charging the 1993 aggravated assault, of which appellant was convicted on his plea of guilty thereto, alleged that Fernandez, in Harris County, Texas, "on or about August 27, 1993, did then and there unlawfully, intentionally and knowingly cause serious bodily injury to Clayton

---

[3]The relevant guideline definition of crime of violence in § 2L1.2(b)(1)(A)(ii) is not materially different in any presently relevant respect from that at issue here, so Guillen-Alvarez is plainly controlling.  See United States v. Rayo-Valdez, 302 F.3d 314, 318 (5th Cir. 2002).

Goodman, hereinafter called the Complainant, by striking the complainant with an unknown object."

That 1993 offense is plainly an assault under Penal Code § 22.01(a)(1) which § 22.02(a)(1) makes into an aggravated assault by reason of the causation of serious bodily injury.

Accordingly, the two prior Texas aggravated assault convictions were each for the offense of aggravated assault as enumerated in the application note 1 commentary to section 4B1.2 and were hence convictions for crimes of violence under section 4B1.1. Guillen-Alvarez. See also, e.g., United States v. Garcia-Ramirez, 230 Fed. App'x 458 (5th Cir. 2007); United States v. Jove-Reyes, 262 F3d. App'x 580 (5th Cir. 2008).

Appellant's conviction and sentence are

AFFIRMED.