**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 14, 2012

Lyle W. Cayce
Clerk

No. 11-50090

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FELIPE DE JESUS ESPARZA-PEREZ, a/k/a FELIPE JESUS ESPARZA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas

Before GARZA, DENNIS, and HIGGINSON, Circuit Judges.

HIGGINSON, Circuit Judge:

Defendant Felipe De Jesus Esparza-Perez pleaded guilty to a one-count indictment charging him with attempting to reenter the United States unlawfully after removal, in violation of 8 U.S.C. § 1326. At sentencing, the district court enhanced Esparza-Perez's offense level by sixteen levels based on its conclusion that Esparza-Perez's prior Arkansas conviction for aggravated assault was a conviction for a crime of violence within the meaning of section 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines. Esparza-Perez

No. 11-50090

challenges that conclusion,[1] which we review *de novo. United States v. Guillen-Alvarez*, 489 F.3d 197, 198 (5th Cir. 2007). For the reasons that follow, we vacate Esparza-Perez's sentence.

"For violations of 8 U.S.C. § 1326, section 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines provides for a sixteen-level increase to a defendant's base offense level when the defendant was previously deported following a conviction for a felony that is a crime of violence."[2] *Guillen-Alvarez*, 489 F.3d at 198-99. That phrase, in turn, goes beyond self-explication, and we turn to the Sentencing Guidelines commentary, which defines a crime of violence as (1) any offense in a list of enumerated offenses, which includes "aggravated assault," or (2) "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).[3] Different tests are used "when analyzing whether a particular offense amounts to a [crime of violence], and the test used depends on whether the offense is an enumerated one or has physical force as an element." *United States v. Moreno-Florean*, 542 F.3d 445, 449 (5th Cir. 2008) (citing *United States v. Mendoza-Sanchez*, 456 F.3d 479, 481-82 (5th Cir. 2006)).[4]

---

[1] Esparza-Perez also challenges the reasonableness of his sentence due to the lack of a fast-track program in his jurisdiction. As Esparza-Perez properly concedes, this argument is foreclosed by *United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir. 2008), and he raises the argument only to preserve it.

[2] "If the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a crime of violence . . . increase by **16** levels if the conviction receives criminal history points under Chapter Four . . . ." U.S.S.G. § 2L1.2(b)(1)(A)(ii) (emphasis in original).

[3] The commentary to § 2L1.2 is binding and is equivalent in force to the Guidelines language itself as long as the language and the commentary are not inconsistent. *United States v. Rayo-Valdez*, 302 F.3d 314, 318 n.5 (5th Cir. 2002) (citations omitted).

[4] The government has conceded that under our en banc decision in *United States v. Calderon-Pena*, Esparza-Perez's prior Arkansas conviction does not have as an element the

No. 11-50090

In determining whether the state crime at issue here is the enumerated offense of "aggravated assault," we look to the "generic, contemporary" meaning of aggravated assault, employing a "common sense approach" that looks to the Model Penal Code, the LaFave and Scott treatises, modern state codes, and dictionary definitions. *United States v. Iniguez-Barba*, 485 F.3d 790, 791 (5th Cir. 2007). "When comparing the state conviction with the generic, contemporary meaning of the crime, we examine the elements of the statute of conviction rather than the specifics of the defendant's conduct. We look only to the particular subdivision of the statute under which the defendant was convicted." *United States v. Fierro-Reyna*, 466 F.3d 324, 327 (5th Cir. 2006) (citing *United States v. Fernandez-Cusco*, 447 F.3d 382, 385 (5th Cir. 2006)). "State-law labels do not control this inquiry because the [crime of violence] adjustment incorporates crimes with certain elements, not crimes that happen to have the same label under state law." *United States v. Ramirez*, 557 F.3d 200, 205 (5th Cir. 2009) (citing *United States v. Gonzalez-Ramirez*, 477 F.3d 310, 313 (5th Cir. 2007)). "'When the statute of conviction encompasses prohibited behavior that is not within the plain, ordinary meaning of the enumerated offense,' the conviction is not a crime of violence as a matter of law." *Fierro-Reyna*, 466 F.3d at 327 (quoting *United States v. Izaquirre-Flores*, 405 F.3d 270, 276-77 (5th Cir. 2005)).

When considering whether an offense is an enumerated one or has physical force as an element, if the statute of conviction contains a series of disjunctive elements, we may look beyond the statute to certain records made or used in adjudicating guilt to determine which subpart of the statute formed the basis of the conviction. *United States v. Mungia-Portillo*, 484 F.3d 813, 815 (5th Cir. 2007); *United States v. Murillo-Lopez*, 444 F.3d 337, 339-40 (5th Cir. 2006);

use, attempted use, or threatened use of physical force against the person of another. 383 F.3d 254, 260 (5th Cir. 2004) (en banc) (per curiam).

*see Gonzalez-Ramirez*, 477 F.3d at 315.  "These records are generally limited to the charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented." *Murillo-Lopez*, 444 F.3d at 340 (internal quotation marks omitted); *accord Mungia-Portillo*, 484 F.3d at 815 (citations omitted).

In this case, the parties agree that Esparza-Perez's prior conviction occurred pursuant to section 5-13-204 of the Arkansas Code, which, at the time of the conviction, defined aggravated assault disjunctively as:

> (a) A person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he or she purposely:
>
> (1) Engages in conduct that creates a substantial danger of death or serious physical injury to another person; or
>
> (2) Displays a firearm in such a manner that creates a substantial danger of death or serious physical injury to another person.

Ark. Code § 5-13-204 (2003).  Since the statute contains several disjunctive elements, we look to the charging document to see which subpart formed the basis of the conviction in order to classify it as a crime of violence under either the enumerated list test or the physical force as an element test. *See Mungia-Portillo*, 484 F.3d at 815.

On November 20, 2007, the State of Arkansas filed a Criminal Information charging Esparza-Perez with aggravated assault and alleging:

> On or about October 27, 2007, in Benton County, Arkansas, said Defendant did, under circumstances manifesting extreme indifference to the value of human life, did [sic] purposely engage in conduct that created a substantial danger of death or serious physical injuries to Deputies of the Benton County Sheriff's Office when he rammed his vehicle multiple times into

No. 11-50090

> vehicles occupied by said Deputies against the peace
> and dignity of the State of Arkansas.

The Criminal Information's description of Esparza-Perez's conduct tracks the language of Ark. Code § 5-13-204(a)(1).  Accordingly, we look only to subsection (a)(1) to determine whether the statute of conviction should be classified as a crime of violence. *See Mungia-Portillo*, 484 F.3d at 815; *United States v. Velasco*, 465 F.3d 633, 640 (5th Cir. 2006).

Esparza-Perez argues that the district court improperly determined his prior conviction for aggravated assault to be a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because the offense set forth in ARK. CODE § 5-13-204(a)(1), he contends, does not comport with the generic, contemporary understanding of aggravated assault.  "Our primary source for the generic contemporary meaning of aggravated assault is the Model Penal Code," *United States v. Torres-Diaz*, 438 F.3d 529, 536 (5th Cir. 2006), which provides: "A person is guilty of aggravated assault if he: (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life . . . ." Model Penal Code § 211.1(2).

Comparing the pertinent Arkansas and Model Penal Code provisions reveals one significant difference.  The Model Penal Code requires that a defendant cause or attempt to cause serious bodily injury to another, whereas the Arkansas statute requires that a defendant engage in conduct that creates a substantial danger of death or serious physical injury to another person. *See Holloway v. State*, 711 S.W.2d 484, 486 (Ark. Ct. App. 1986) ("It is not based upon the use of a deadly weapon or the creation of fear, but requires the creation of substantial danger."), *overruled on other grounds by Doby v. State*, 720 S.W.2d 694, 696-97 (Ark. 1986).  The issue presented in this case, therefore, looking beyond Arkansas' "aggravated assault" designation, is whether purposely

creating a substantial danger of death or serious physical injury is a "sufficiently minor" difference from the Model Penal Code definition of the crime so as not to remove it "from the family of offenses commonly known as aggravated assault" for purposes of designating it a crime of violence. *Mungia-Portillo*, 484 F.3d at 817 (citations omitted) (internal quotation marks omitted).  We hold that this difference is not sufficiently minor.

The generic, contemporary meaning of aggravated assault is an assault carried out under certain aggravating circumstances. *See Fierro-Reyna*, 466 F.3d at 328 (noting that Black's Law Dictionary defines aggravated assault as "'criminal assault accompanied by circumstances that make it more severe, such as the intent to commit another crime or the intent to cause serious bodily injury, esp[ecially] by using a deadly weapon.'" (alteration in original) (quoting Black's Law Dict. 122 (8th ed. 2004)); *see also Mungia-Portillo*, 484 F.3d at 817 (explaining that Tennessee's "aggravated assault statute includes the two most common aggravating factors, the causation of serious bodily injury and the use of a deadly weapon").  Assault, in turn, requires proof that the defendant either caused, attempted to cause, or threatened to cause bodily injury or offensive contact to another person. *See, e.g.*, Model Penal Code § 211.1(1); "Assault," Black's Law Dict. (9th ed. 2009); Wayne R. LaFave, 2 Subst. Crim. L. § 16.3 (2d ed.).

Esparza-Perez was not convicted of the enumerated offense of aggravated assault because his Arkansas offense did not require proof of an underlying assault and therefore does not comport with the generic, contemporary definition of that crime.  The Arkansas statute does not require *any* contact or injury *or* attempt *or* threat of offensive contact or injury.  The absence of any such element distinguishes the Arkansas statute from the cases cited by the government. *See United States v. Bailey*, 2012 WL 10803, at *2 (5th Cir. Jan. 3, 2012); *United States v. Ramirez*, 557 F.3d 200, 205-07 (5th Cir. 2009); *United States v. Torres-*

No. 11-50090

*Salazar*, 300 F. App'x 328, 329-30 (5th Cir. 2008); *United States v. Fernandez*, 292 F. App'x 301, 304 (5th Cir. 2008); *Mungia-Portillo*, 484 F.3d at 816-17; *United States v. Guillen-Alvarez*, 489 F.3d 197, 200-01 (5th Cir. 2007).  Each of those cases involved an aggravated assault statute requiring that the defendant actually caused injury to another *or* attempted *or* threatened to do so.  Thus, those statutes fall within the common meaning of aggravated assault because they proscribe an *assault* carried out under certain aggravating circumstances. That the Arkansas statute lacks any such element makes it significantly different from the Model Penal Code definition of aggravated assault, and takes it outside the common meaning of the term.

Indeed, Esparza-Perez's conviction does not constitute a crime of violence as the enumerated offense of "aggravated assault" for essentially the same reason the government concedes it does not, under existing precedent, constitute a crime of violence under the residual clause. *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) ("'Crime of violence' means . . . any . . . offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another").  Assault, as commonly understood, by its nature requires proof of the use, attempted use, or threatened use of offensive contact against another person.

Esparza-Perez was not convicted of "aggravated assault" for sentencing enhancement purposes because his crime of conviction lacks proof of an underlying assault.  Because the government has not shown that such error was harmless under our precedent, Esparza-Perez's sentence is VACATED and we REMAND this case for resentencing.