# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 6, 2012

Lyle W. Cayce
Clerk

No. 11-51176
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WALDIN ANDRES SOTO-ROMERO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-900-1

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Waldin Andres Soto-Romero appeals the 54-month term of imprisonment imposed following his guilty plea conviction for having been unlawfully found in the United States following prior deportation. Specifically, he challenges the district court's application of the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii), based upon his prior conviction for a crime of violence, namely, the Georgia offense of aggravated assault.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51176

Soto-Romero contends that the Georgia statute of conviction is not an enumerated offense and does not implicate the residual "use of force" prong of § 2L1.2's definition.  Because he did not object on this basis below, this court's review is for plain error only.  *See United States v. Brantey*, 537 F.3d 347, 351 (5th Cir. 2008).  To establish reversible plain error, Soto-Romero must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

Using a "common sense approach," we hold that the district court did not plainly err in its determination that the generic, contemporary meaning of the offense of aggravated assault includes the intentionally-caused apprehension of injury, 2 Wayne R. LaFave, Substantive Criminal Law, § 16.3 (2d ed. 2003), and that Soto-Romero's Georgia offense falls within that generic, contemporary meaning.  *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 378-79 (5th Cir. 2006); *United States v. Sanchez-Ruedas*, 452 F.3d 409, 411, 414 (5th Cir. 2006).  Accordingly, the judgment of the district court is AFFIRMED.