**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 24, 2013

No. 12-10214
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENJAMIN JERREL SHIPMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-134-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Benjamin Jerrel Shipman appeals his sentence which was imposed following his plea of guilty to being a felon in possession of a firearm. He asserts, for the first time on appeal, that the district court erred in assigning him an offense level based on the determination that he had a prior felony conviction for a crime of violence ("COV") pursuant to U.S.S.G. § 2K2.1(a)(4)(A). At issue is a 1994 Texas conviction for voluntary manslaughter. *See* TEX. PENAL CODE § 19.04(a) (1987).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Contrary to his assertion, Shipman's argument to the district court at sentencing in no way alerted it to his claim on appeal that his voluntary manslaughter conviction could not be considered a COV under a technical application of the Sentencing Guidelines. Accordingly, we review Shipman's argument for plain error only.

To prevail on plain error review, Shipman must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Shipman has the burden of showing a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence. *See United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005). He cannot meet this burden when the alleged error has no effect on his offense level or sentencing range. *See United States v. Garcia-Gonzalez*, __ F.3d__ , 2013 WL 1662795 at * 7 (5th Cir. Apr. 17, 2013).

Both the government and Shipman agree that the district court clearly erred in determining that his voluntary manslaughter conviction had, as an element, the use of force. The threatened or attempted use of force does not appear anywhere in former TEX. PENAL CODE § 19.04(a). Nevertheless, as we explain below, Shipman cannot show an effect on his substantial rights because he has not shown that his voluntary manslaughter offense was not the enumerated offense of manslaughter, thus warranting the COV adjustment.

For an offense such as manslaughter that is defined at common law, we look to its generic, contemporary meaning, employing a common sense approach in which we consider the Model Penal Code, treatises, modern state codes, and dictionaries. *United States v. Esparza-Perez*, 681 F.3d 228, 229-30 (5th Cir.

2012); *see also United States v. Rodriguez*, 711 F.3d 541, 554 & nns. 16 & 17 (5th Cir. 2013) (en banc) (adopting a different approach for offense categories not defined at common law). We consider only the "elements of the statute of conviction" and not the "specifics of the defendant's conduct." *Esparza-Perez*, 681 F.3d at 230. "When the statute of conviction encompasses prohibited behavior that is not within the plain, ordinary meaning of the enumerated offense, the conviction is not a crime of violence as a matter of law." *United States v. Fierro-Reyna*, 466 F.3d 324, 327 (5th Cir. 2006) (internal quotation marks and citation omitted).

The Model Penal Code defines voluntary manslaughter as "a homicide which would otherwise be murder but is committed under the influence of extreme mental or emotional disturbance for which there is reasonable explanation or excuse." *United States v. Bonilla*, 524 F.3d 647, 654 (5th Cir. 2008) (internal quotation marks and citation omitted). The minimal mens rea for generic contemporary manslaughter is the "recklessness" standard adopted in the Model Penal Code. *Id.* A manslaughter statute "will be broader than the general, contemporary definition of manslaughter - and thus not a crime of violence under the guidelines - if [it] requires less than a reckless state of mind." *Id.*

The 1994 Texas version of voluntary manslaughter clearly required the intent to kill or cause serious bodily harm. TEX. PENAL CODE §§ 19.02, 19.04(a). The statute of conviction thus comports with the generic, contemporary definition of manslaughter as a COV. *See, e.g., United States v. Gonzalez*, 400 F. App'x 875, 877 (5th Cir. 2010) (holding that a parallel Michigan voluntary manslaughter statute, which defined the offense as a homicide resulting from provocation and the heat of passion, would constitute a crime of violence).

Shipman contends that his conviction was not an enumerated COV because in 1994, Texas imposed a duty to retreat on anyone who claimed self defense to a charge of homicide. He notes that in 1994, TEX. PENAL CODE § 9.32

required that a person claiming the justifiable use of deadly force was required to establish that a reasonable person in the actor's situation would not have retreated. As Shipman was convicted under TEX. PENAL CODE § 19.04, his reliance on any affirmative defense offered under TEX. PENAL CODE § 9.32 is misplaced. *Id.; compare United States v. Medina-Valencia*, 538 F.3d 831, 834 (8th Cir. 2008) (considering the affirmative defense set forth within TEX. PENAL CODE § 21.11(b) (1999)). Shipman cites no persuasive authority in support of his contention that Texas's former requirement of retreat took the offense outside of the plain, ordinary meaning of enumerated voluntary manslaughter. Accordingly, Shipman has failed to bear his burden of showing that any error in the district court's determination that his voluntary manslaughter conviction warranted application of the COV enhancement under an elements-based approach affected his substantial rights. *See Villegas*, 404 F.3d at 364.

Shipman also contends that his sentence was substantively unreasonable because the district court punished him based on his history of carrying guns, but refused to consider his justification for doing so. We review this claim for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The sentencing court is in a superior position to find facts and judge their import under 18 U.S.C. § 3553(a) with respect to each particular defendant. *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). An appellate court may not require "extraordinary circumstances" to justify a sentence outside the guidelines range. *Id.* Nevertheless, a non-guidelines sentence is unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors. *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

The district court based its sentencing decision on Shipman's criminal history, which included the carrying and use of guns. The court acknowledged Shipman's claim of self defense, but concluded that his continued conduct in

carrying a gun warranted the 70-month sentence. The court also concluded that Shipman's continued use and carrying of firearms made him a danger to the community. Shipman has not shown that, in selecting a sentence, the district court failed to  consider his alleged need for self defense. Accordingly, he has shown no abuse of discretion. *See Smith*, 440 F.3d at 708.

AFFIRMED.