# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10484
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE A. HYRTADO, also known as Marco Raul Fuertes-Olmedo, also known as Ernesto Montenegro,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:12-CR-56-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose A. Hyrtado pleaded guilty to possessing a firearm while illegally in the United States. The probation officer determined that Hyrtado's two prior Georgia aggravated assault convictions were crimes of violence (COV); accordingly, in the Presentence Report (PSR), the probation officer indicated that Hyrtado's base offense level was 24 pursuant to U.S.S.G. § 2K2.1(a)(2).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10484

Hyrtado raised no objection to this determination nor to any other aspect of the district court's guideline calculations.

Hyrtado now appeals the 120-month sentence imposed by the district court. In his opening brief, he argues that the district court erred in relying on the PSR's characterization of his Georgia convictions as COVs. The Government concedes that no state court documents pertinent to Hyrtado's Georgia aggravated assault convictions were attached to the PSR. To the extent the district court relied on the PSR's characterization of Hyrtado's prior offenses to enhance his sentence, it erred. *See United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005).

However, after Hyrtado filed his opening brief, this court granted the Government's unopposed motion to supplement the appellate record with copies of records of Hyrtado's two prior Georgia aggravated assault convictions. The Government argues that the state court records establish that Hyrtado's aggravated assault convictions were COVs. We may consider the state court documents in assessing the instant appeal, even though the district court did not do so. *See United States v. Vargas-Soto*, 700 F.3d 180, 183 (5th Cir. 2012).

As Hyrtado concedes, his failure to object to the application of the enhancement in the district court results in plain error review. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). To prevail under the plain error standard, Hyrtado must show an error that is "clear or obvious, rather than subject to reasonable debate." *Puckett v. United States*, 556 U.S. 129, 135 (2009). He also must demonstrate that any error affected his substantial rights. *Id.* If he makes these showings, this court has the discretion to correct the error if it seriously affects the fairness, integrity or public reputation of judicial proceedings. *Id.*

The commentary to § 2K2.1 instructs that "crime of violence" has the meaning given that term in U.S.S.G. § 4B1.2(a) and the commentary to that Guideline. § 2K2.1, comment. (n.1); *United States v. Mohr*, 554 F.3d 604, 606 (5th Cir. 2009). For an offense to qualify as a COV, it must either "(1) contain as a statutory element the 'use, attempted use, or threatened use of physical force against the person of another; (2) belong to the list of enumerated offenses; (3) or fall under the 'residual clause' of § 4B1.2(a)(2) by presenting a 'serious risk of physical injury to another.'" *Mohr*, 554 F.3d at 607.

We have not previously addressed whether the statute of conviction, Ga. Code § 16-5-21(a)(2), is a COV. Having reviewed the statute, we conclude that any differences between the statute and the generic, contemporary definition of "aggravated assault" are immaterial, and therefore Hyrtado's previous convictions are COVs because they belong to the list of enumerated offenses. *See United States v. Esparza-Perez*, 681 F.3d 228, 231-32 (5th Cir. 2012); *United States v. Rojas-Gutierrez*, 510 F.3d 545, 549 n.5 (5th Cir. 2007); § 4B1.2, comment. (n.1). In the alternative, in view of the conduct expressly charged in the state court indictments, Hyrtado's aggravated assault convictions were COVs under the residual clause of § 4B1.2, comment. (n.1). *See United States v. Stoker*, 706 F.3d 643, 649 (5th Cir. 2013); *United States v. Lipscomb*, 619 F.3d 474, 478 (5th Cir. 2010). Thus, any error by the district court did not affect Hyrtado's substantial rights, and plain error has not been shown. *See Puckett*, 556 U.S. at 135.

AFFIRMED.