# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40113

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAMPERSAUD BIRBAL,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
February 1, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-1595

Before STEWART, Chief Judge, KING and HIGGINSON, Circuit Judges.
STEPHEN A. HIGGINSON, Circuit Judge:*

This case turns on New Jersey's statutory definition of sexual assault. In 2006, Rampersaud Birbal pled guilty to attempted sexual assault in New Jersey. He was deported after serving his sentence. Several years later, Birbal was found in Texas after illegally reentering the United States. Birbal pled guilty to illegal reentry. His sentence was enhanced because the court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40113

found that he was previously deported after committing a crime of violence—the New Jersey sexual assault.  Birbal appeals this enhancement.

## I.    BACKGROUND

Birbal pled guilty to illegally reentering the United States in violation of 8 U.S.C. § 1326(a) and (b).  There was no plea agreement.  Birbal's presentence report calculated his total offense level as twenty-two, including a sixteen-level enhancement for deportation following a felony conviction for a crime of violence under U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2L1.2(b)(1)(A)(ii) (2014).  This enhancement was based on Birbal's 2006 New Jersey conviction for "attempted sexual assault – force or coercion with no serious injury as amended" and subsequent deportation.  Birbal did not object to the calculation of the guidelines range or the sixteen-level enhancement.  The district court sentenced Birbal to fifty-seven months in prison, the bottom of the guideline range, with no supervised release.  Birbal timely appealed, alleging that the district court erred by imposing the sixteen-level enhancement because his prior New Jersey conviction for attempted sexual assault did not qualify as a crime of violence under the guidelines.  Having reviewed the briefs and the record, we AFFIRM.

## II.    STANDARD OF REVIEW

Because Birbal did not object to his sentence enhancement, we review the district court's decision for plain error.  *United States v. Ronquillo*, 508 F.3d 744, 748 (5th Cir. 2007).  Plain error arises when:  (1) there was an error; (2) the error was plain; (3) the error affected the defendant's substantial rights; and (4) the appellate court determines that the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ellis*, 564 F.3d 370, 377 (5th Cir. 2009).  To be plain, "the legal error must be clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009).

## III.   DISCUSSION

Section 2L1.2 of the sentencing guidelines imposes a sixteen-level enhancement if a defendant guilty of illegal reentry was previously deported after committing a crime of violence.   U.S.S.G. § 2L1.2(b)(1)(A)(ii).   The guidelines definition of a crime of violence is in the commentary to § 2L1.2, and contains a list of enumerated offenses and a residual clause.  The enumerated offenses include "forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced)."  *Id.* at § 2L1.2, cmt. n.1 (B)(iii).  The residual clause reads:  "or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."  *Id.*  Birbal claims that his 2006 conviction does not meet the definition of a forcible sex offense or satisfy the residual clause.

This court's analysis of whether a particular offense is a crime of violence depends on whether the offense is an enumerated one or one that satisfies the residual clause.  *United States v. Moreno-Florean*, 542 F.3d 445, 449 (5th Cir. 2008).  To determine whether a state conviction constitutes an enumerated offense, we apply an "approach that looks to the 'generic, contemporary meaning' of an offense listed in § 2L1.2 to assess whether the offense of conviction amounts to that enumerated offense."  *United States v. Hernandez-Rodriguez*, 788 F.3d 193, 195 (5th Cir. 2015) (quoting *United States v. Esparza-Perez*, 681 F.3d 228, 229 (5th Cir. 2012)).  To determine the "'plain, ordinary meaning,' we rely on sources including the Model Penal Code, Professor LaFave's *Substantive Criminal Law* treatise, modern state statutes, and dictionaries."  *Id.* (quoting *United States v. Mungia-Portillo*, 484 F.3d 813, 816 (5th Cir. 2007)). "If the defendant was convicted under a statute that is 'narrower than the generic crime' or that mirrors the generic definition with

only 'minor variations,' the enhancement may stand." *Id.* at 195–96 (quoting *United States v. Herrera*, 647 F.3d 172, 176 (5th Cir. 2011)).  But, if the relevant statute "'encompasses prohibited behavior that is not within the plain, ordinary meaning of the enumerated offense,' the conviction is not a crime of violence as a matter of law." *Esparza-Perez*, 681 F.3d at 230 (quoting *United States v. Fierro-Reyna*, 466 F.3d 324, 327 (5th Cir. 2006)).

To determine whether a statute meets the residual clause, we apply a categorical approach.  *See Taylor v. United States*, 495 U.S. 575, 602 (1990); *Hernandez-Rodriguez*, 788 F.3d at 195.  "[W]e examine the elements of the offense, rather than the facts underlying the conviction or the defendant's actual conduct." *United States v. Carrasco-Tercero*, 745 F.3d 192, 195 (5th Cir. 2014) (alteration in original).

Under both approaches, if the underlying statute contains disjunctive elements, we employ the modified categorical approach "to determine which subpart of the statute formed the basis of the conviction." *Hernandez-Rodriguez*, 788 F.3d at 196 (quoting *Moreno-Florean*, 542 F.3d at 449).  Under this approach, we consider "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005); *see also United States v. Bonilla-Mungia*, 422 F.3d 316, 320 (5th Cir. 2005) (applying *Shepard* in a § 2L1.2 crime-of-violence context).

## A.    2008 Revisions to the Guidelines

The United States Sentencing Commission revised the guidelines in 2008 to clarify forcible sex offenses by adding the following parenthetical: "(including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced)." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).  In the Reason for Amendment commentary,

the commission states that "[t]he amendment makes clear that forcible sex offenses, like all offenses enumerated in Application Note 1(B)(iii), 'are always classified as "crimes of violence," regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another.'" U.S.S.G. App. C., Amend. 722 (2011) (citing U.S.S.G. App. C., Amend. 658 (2011)).

## B.    Birbal's New Jersey Conviction

Birbal initially faced three counts:  (1) aggravated sexual assault; (2) sexual assault by committing sexual penetration by using force or coercion; and (3) aggravated assault.  State court documents show that Birbal pled guilty to count 2: "attempted sex assault - force or coercion w/no serious injury (as amended)."  Specifically, Birbal's plea documents reflect that he was convicted of attempted sexual assault by committing sexual penetration by use of physical force or coercion in violation of N.J. STAT. § 2C:14-2c(1) (2003).  But the documents do not show which subpart of the statute (force or coercion) formed the basis of the conviction.  "Where these documents do not identify the offense of conviction, we must consider whether the 'least culpable' means of violating the statute of conviction qualifies as an offense under the Sentencing Guidelines."  *United States v. Rodriguez-Negrete*, 772 F.3d 221, 225 (5th Cir. 2014) (quoting *United States v. Elizondo–Hernandez*, 755 F.3d 779, 781 (5th Cir. 2014)).  Birbal argues that, here, the "least culpable" means of violating the statute under either force or coercion turns on the definition of consent: under New Jersey law, he argues, it is theoretically possible to be convicted of sexual assault in a situation where there was a "lack of verbal or physical resistance" but no "affirmative or freely given permission."  We find Birbal's argument unpersuasive.

At the time of the offense, the relevant New Jersey sexual assault statute provided that "[a]n actor is guilty of sexual assault if he commits an act of

sexual penetration with another person under any one of the following circumstances: (1) The actor uses physical force or coercion, but the victim does not sustain severe personal injury." N.J. STAT. § 2C:14-2c(1) (2003). The New Jersey Supreme Court provided guidance on the consent requirement under this provision in *State in Interest of M.T.S.*, holding that "any act of sexual penetration engaged in by the defendant without the affirmative and freely-given permission of the victim to the specific act of penetration constitutes the offense of sexual assault." 609 A.2d 1266, 1277 (N.J. 1992).[1] The court clarified that New Jersey's sexual assault statute requires a victim's lack of consent, and it kept the burden of proof on the state, which must "prove beyond a reasonable doubt that there was sexual penetration and that it was accomplished without the affirmative and freely-given permission of the alleged victim." *Id.* at 1279.

Birbal's argument that his 2006 conviction does not qualify as a forcible sex offense rests on the premise that New Jersey has an elevated or "Cadillac" form of consent. Birbal contends that finding consent only when there is "affirmative and freely-given permission" under *M.T.S.* is a higher standard of consent than the guidelines prescribe. Birbal argues that under the guidelines, consent is present whenever there is a "lack of verbal or physical resistance." Thus, he concludes that the guideline's definition of a forcible sex offense does not include convictions under an "affirmative and freely-given permission" definition of consent. We disagree.[2] The guidelines explicitly state that

---

[1] The question in *M.T.S.* was whether the force of penetration alone was enough—absent consent, expressed through words or actions—to meet the "physical force" element of sexual assault. In affirming the trial court's finding that the victim "had not expressed consent to the act of intercourse," the court held that it was. *M.T.S.*, 609 A.2d at 1279-80.

[2] The fact that Birbal acknowledged during oral argument that he could not point to a single post-*M.T.S.* case (decided in 1992) that turns on this alleged distinction is notable. As this court recently stated, focusing on the least culpable means of violating a statute "is not an invitation to apply 'legal imagination' to the state offense; there must be 'a realistic

forcible sex offenses include offenses where "consent to the conduct [was] not given." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). By its plain language, a forcible sex offense requires the *absence* of consent. New Jersey law requires affirmative and freely-given permission, the flipside of the "absence of consent" coin. *See M.T.S.*, 609 A.2d at 1279 ("Because 'physical force' as an element of sexual assault in this context requires the *absence* of affirmative and freely-given permission, the 'consent' necessary to negate such 'physical force' under a defense based on consent would require the *presence* of such affirmative and freely-given permission."). And *M.T.S.* clarifies that permission is indicated "either through words or through actions that, when viewed in the light of all the surrounding circumstances, would demonstrate to a reasonable person affirmative and freely-given authorization." *Id.* at 1278.

Contrary to Birbal's argument that New Jersey has a "Cadillac" standard of consent, the court in *M.T.S.* was careful not to shift the state's burden to the defendant. Under New Jersey law, if there is evidence to suggest that the alleged victim consented—*including the defendant's testimony that there was no verbal or physical resistance*—then "the State must demonstrate either that defendant did not actually believe that affirmative permission had been freely-given or that such a belief was unreasonable under all of the circumstances." *Id.* at 1279. And "[t]he alleged victim may be questioned about what he or she did or said [] to determine whether the defendant was reasonable in believing that affirmative permission had been freely given." *Id.* Under plain error review, we hold that the district court did not reversibly err by finding that Birbal's New Jersey conviction under N.J. STAT. § 2C:14-2c(1)

---

probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime[.]'" *United States v. Monterola-Mata*, No. 14-41161, 2015 WL 6445660, at *8 (5th Cir. Oct. 26, 2015) (citation omitted).

No. 15-40113

(2003) qualifies as a crime of violence under the sentencing guidelines' definition of a forcible sex offense.[3]

## IV.   CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[3] Because we find that Birbal's New Jersey conviction was a forcible sex offense, we need not determine whether it was also a crime of violence under the guideline's residual clause.