*586 GREGG COSTA, Circuit Judge,
dissenting:
The strong interest in uniform application of the law means that we should usually follow unpublished decisions. But the difference between published and unpublished decisions must mean something. Otherwise, we should just “publish” everything and give all opinions the weight of binding authority.[1]
This case does not require fleshing, out the full contours of when, the desire for consistency that should ordinarily lead us to follow unpublished decisions should give way' to the interest in getting the law right. For- it involves a situation in-which a departure from nonprecedential authority should not be controversial: when ’a key legal premise ’ of' those unpublished decisions is revealed to be demonstrably false. That is the case here with respect to our prior, unpublished rulings which incorrectly assumed that the Georgia assault statute requires intentionally causing apprehension of violent injury.
But before addressing Georgia’s “placing ¿nother in reasonable apprehension” assault statute, ,1 first respond to the majority opinion’s initial holding that such an inquiry is unnecessary because the indictment narrows Torres-Jaime’s offense to the separate “attempts to commit a violent injury to the person of another” assault provision. Ga.Code § 16-5-20(a)(l) (2013); (Maj. Op. at 580-82). .The indict-' ment does narrow the “aggravated” portion of the state offense by “unquestionably tracking]” (Maj. Op. at 581) the statutory language of committing an assault with an “instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury.” GaCode § 16-5-21(b)(2) (2013). The indictment does not, however, invoke the language of either • alternative in the underlying assault statute: “(1) [ajttempts to commit a violent injury to the person of another; or (2) [cjommits an act which places another in reasonable apprehension of immediately receiving a violent injury.” GaCode § 16-5-20(a) (2013). The majority opinion nevertheless finds that the indictment narrows the conviction to the former because it “more" closely tracks” that language, “suggests what his mens rea may have been,” and thus “appears” to involve the attempt to commit a violent injury to another. Maj. Op. at 580-81. No authority is cited for this inference-based approach to the modified categorical inquiry. Such speculation should not be part of that inquiry, which focuses on whether formal documents from the state court case help narrow a conviction to the elements the court or jury was “actually required” to find. Taylor v. United States, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L,Ed.2d 607 (1990). And inferring which Georgia assault provision was more likely at issue in Torres-Jaime’s case from the facts — as opposed to elements— recited in the indictment is what the Supreme Court recently warned against: turning an “elements-based inquiry into an evidence-based one .,.. makes examination of extra-statutory documents not a tool used in a ‘narrow range of cases’ to identify the relevant element from a statute with multiple alternatives, but rather a device employed in every case to evaluate the facts that the judge or jury found.” Descamps v. United States, — U.S. -, 133 S.Ct. 2276, 2287, 186 L.Ed.2d 438 (2013).
*587 Although its determination that the conviction fell tinder the intent to injure provision would be sufficient to reject the appeal, the majority opinion nonetheless proceeds to spend the bulk of the opinion addressing the possibility that is not foreclosed by the indictment language:, that the state conviction involved the “reasonable apprehension” assault provision. This brings us to its reliance on the unpublished decisions mentioned at the outset. The central reasoning of the two decisions that actually included any analysis [2] is that “the generic, contemporary meaning of the offense of aggravated assault includes the intentionally-caused apprehension of injury.” United States v. Gonzalez-Flores, 228 Fed.Appx. 491, 491 (5th Cir.2007); United States v. Soto-Romero, 491 Fed.Appx. 481, 482 (5th Cir.2012) (using nearly identical language). But Georgia does not require that the apprehension be intentionally caused. The Supreme Court of Georgia has held that “[t]he crime of aggravated assatilt :.. is established by the reasonable apprehension of harm by the victim of an assault by a firearm rather than the assailant’s intent to injure. All that is required is that the assailant intend to commit the act which in fact places another in reasonable apprehension of injury, not a specific intent to cause such apprehension.” Smith v. State, 280 Ga. 490, 629 S.E.2d 816, 818 (2006); see also, Adams v. State, 293 Ga.App. 377, 667 S.E.2d 186, 190 (2008) (“In an aggravated assault case involving the use of a deadly weapon, all that is required is that the assailant intend to commit the act which in fact places another-in reasonable apprehension of injury, and. not a specific .intent to cause such apprehension.”) (internal quotations omitted); Wroge v. State, 278 Ga.App. 753, 629. S.E.2d 596, 598 (2006) (similar).
This difference is significant because the treatise cited by the majority opinion and the prior, unpublished opinions specifies that “Assault as Intentional Scaring” requires intent to cause apprehension:
It is sometimes stated that this type of assault i.s committed by an act ... which reasonably causes another to fear bodily injury. This statement is not quite accurate, however, for one cannot (in those jurisdictions which have extended the tort concept of assault to criminal assault) commit a criminal assault by negligently or even recklessly or illegally acting in such a way (as with a gun or. car) as to cause another person to become apprehensive of being struck. There must be an actual intention to cause apprehension ,..
W.R. LaFave & A. Scott, Substantive Criminal Law, § 16.3(b) (2d ed.2005) (emphasis added). Georgia’s assault statute, which prohibits even negligently causing apprehension of imminent violent injury, is thus an outlier. .Given that even statutes covering the intentional causing of apprehension lie, at best, on- the outer edges of the contemporary meaning of aggravated assault,[3] removing this intent requirement is *588 more than a subtle difference from the generic crime.
And finding that a difference in requisite intent puts Georgia’s statute outside the common definition of assault fits with our recent published decision in United States v. Hernandez-Rodriguez, 788 F.3d 193 (5th Cir.2015), which held that Louisiana’s lack of a specific intent to cause injury requirement makes that offense broader than generic aggravated assault. The majority opinion is correct that there is no evidence that Georgia’s statute covers administration of a noxious substance without physical force.' Maj. Op. at 585. But that isn’t the question. The question is whether, as a practical rather than theoretical matter, the elements of the statute of conviction encompass conduct that is not within the ordinary meaning of the generic offense. United States v. Esparza-Perez, 681 F.3d 228, 230 (5th Cir.2012). The numerous Georgia decisions, including one from its highest court, demonstrate the Georgia offense is broader because it covers conduct in which the defendant did not intend to cause apprehension of harm even though that fear resulted. And this lack of an intentionality requirement has real world effect; including in a case like this one in which an automobile was the weapon. See, e.g., Kirkland v. State, 282 Ga. App. 331, 638 S.E.2d 784, 785-87 (2006) (upholding aggravated ‘ assault conviction based on victim’s apprehension of injury from a defendant trying to flee in his car, with no evidence of intent to injure or cause apprehension). As for the California statute that we found qualified as aggravated assault despite a “subtle difference” between it and the standard mens rea, United States v. Sanchez-Ruedas, 452 F.3d 409, 414 (5th Cir.2006), two features of that assault with a deadly weapon statute still place it far closer to the core of aggravated assault than-the Georgia statute at issue here: it requires a forcible act,[4] and that force must be likely to produce great bodily injury, not merely apprehension of harm.[5] Id.
When Torres-Jaime argued, at sentencing that his Georgia conviction does not warrant the 16-point “crime of violence” enhancement, the district judge responded, “I think you may be right.” . But she understandably. felt that she should follow the three unpublished decisions of a higher court. We should exercise our greater freedom to reconsider those decisions and reject them given the faulty premise on which they were based and their inconsistency with our published decision in Her-mmdez-Rodriguez. I would therefore vacate the sentence that was based on the 16-point enhancement.

. There is something to be said for this. See generally Anastasoff v. United States, 223 F.3d 898, 899 (8th Cir.2000), opinion vacated on reh’g en banc, 235 F.3d 1054 (8th Cir.2000). But our practice, for better or worse, is to have unpublished decisions that are only persuasive and published decisions that are binding.

. United States v. Hyrtado, in which we reviewed for plain error a crime of violence sentencing enhancement applied under a different sentencing provision, does not mention anything about the causing apprehension provision of the Georgia statute. Nor does it provide any other explanation for why Georgia’s statute fell within the generic definition. 551 Fed.Appx. 161, 162 (5th Cir.2014).

. See Model Penal Code § 211.1(2) (causing apprehension of imminent injury not a part of the definition of aggravated assaqlt); compare LaFave, supra, at § 16.3 with id. at § 16.3(d) (describing a “modern trend” of including intentionally causing apprehension within criminal assault, but not noting such a trend for aggravated criminal assault).

. See Esparza-Perez, 681 F.3d at 231-32 (holding that Arkansas’s statute is not within the. common definition of aggravated assault because it "does not require any contact or injury or attempt or threat of offensive contact or injury.”) (emphasis in original). And Black’s Law Dictionary includes threatened, attempted, or actual use of force or battery in all its definitions of assault, and notes that "[i]n popular language, [assault] has always connoted a physical attack.” Assault, Black’s Law Dictionary (10th ed.2014).

. See Model Penal Code § 211.1(2) (including only conduct related to “bodily injuty” in its two types of aggravated assault).