**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3166
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Mark A. Geralds, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 24, 1997
Filed: July 17, 1997
_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.
_____

PER CURIAM.

Mark A. Geralds challenges his conviction and the 360-month sentence imposed by the District Court after he entered a conditional guilty plea to attempting to possess powder cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994). We affirm Geralds's conviction, but remand for resentencing.

First, Geralds argues that his right to a speedy trial was violated. The record reveals the following relevant procedural history. On September 8, 1996, a

hearing on miscellaneous pre-trial motions was held before a magistrate judge; on the same date,

Geralds moved to dismiss for a violation of the Speedy Trial Act (the "Act"), 18 U.S.C. §§ 3161-3174 (1994). On October 4, with leave of court, the government responded to Geralds's motion to dismiss. On October 12, the magistrate judge issued an order disposing of the pre-trial motions and a separate report recommending that the motion to dismiss be denied. Geralds objected to the report on October 20, and the District Court adopted the magistrate judge's report on October 26. On December 27, Geralds filed another motion to dismiss based on the Act, which the District Court denied, and he entered a conditional guilty plea, preserving his right to appeal the speedy-trial issue.

Under the Act, a federal criminal defendant must be brought to trial within seventy days from the filing of the indictment or from arraignment, whichever is later, subject to a number of exclusions. See 18 U.S.C. § 3161(c)(1), (h) (1994). Geralds contends that seventy-four non-excludable days had elapsed when he pleaded guilty, based on his belief that the period between October 9 and October 20, 1996 was not excludable. Although the magistrate judge took longer than thirty days to rule on the pre-trial motions, we conclude that the period up to and including October 12 was excludable, because Geralds's motion to dismiss was not taken under advisement until the government filed its response brief on October 4, and the magistrate judge ruled on this motion well within the thirty-day advisement period. See 18 U.S.C. § 3161(h)(1)(F),( J) (1994) (excluding "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," and "delay

-3-

reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court"); <u>United States v. Long</u>, 900 F.2d 1270, 1274-75 (8th Cir. 1990) (recognizing that matter is not taken under advisement until court has all materials needed to rule). The period between the magistrate judge's report and Geralds's filing of his objections to that report also was excludable. <u>See</u> <u>Long</u>, 900 F.2d at 1275. Accordingly, the entire period between October 9 and October 20 was excludable.

Second, Geralds argues for the first time on appeal that the District Court erred when it accepted his guilty plea prior to the preparation of a presentence report. Geralds relies on U.S. Sentencing Guidelines Manual § 6B1.1(c) (1995) (policy statement) (stating that district court shall defer decision to accept or reject plea agreement until after presentence report is reviewed), but his reliance incorrectly equates acceptance of his guilty plea with acceptance of his plea agreement. See United States v. Hyde, 117 S. Ct. 1630, 1632-33 (1997). Moreover, the fact that the sentence recommended in his PSR substantially exceeded his expectations due to the inclusion of more than 500 grams of crack cocaine as relevant conduct is not a fair and just reason for withdrawing a guilty plea. See United States v. Ludwig, 972 F.2d 948, 949-51 (8th Cir. 1992).

Finally, Geralds challenges the District Court's relevant-conduct findings. We agree with Geralds that these findings were flawed. After one judge heard sharply conflicting sentencing testimony regarding drug quantity and relevant conduct, the case was transferred to a second judge; the second judge did not conduct a new sentencing hearing, but rather made credibility determinations based only on a review of the sentencing transcript. As a result of these credibility determinations, the second judge overruled Geralds's objections to the presentence report and sentenced him to 360 months in prison. We believe that the conflicting testimony presented credibility issues serious enough to warrant sentencing by a judge who had had the opportunity to observe the character and demeanor of the witnesses, and that the second judge was in no better position to

make credibility determinations than we would be.  <u>Cf.</u> <u>United States v. Ballew</u>, 40 F.3d 936, 942 (8th Cir. 1994) (recognizing that credibility of witnesses is for trier of fact to determine), <u>cert. denied</u>, 514 U.S. 1091 (1995); <u>United States v. Noland</u>, 960 F.2d 1384, 1390-91 (8th Cir. 1992) (noting that district court's factual findings are to be accepted as true unless clearly erroneous with due regard being given to opportunity of court to judge credibility of witnesses; holding that record supported findings of trial judge, who had opportunity to observe character and demeanor of witnesses).  We do not say that the second judge's credibility

determinations were wrong.  Rather, we say only that they were not reached in a manner that enables us confidently to apply the clear error standard of review to them. Thus, we remand for resentencing before either the first judge, who already has heard the testimony regarding drug quantity and relevant conduct, or the second judge (or any other judge) who has the opportunity to hear the testimony of the witnesses.  In light of this decision, we do not consider the merits of the relevant-conduct findings or of Geralds's argument concerning the burden of proof the second judge applied in reaching these findings.

Accordingly, we affirm Geralds's conviction, but remand for resentencing in a manner consistent with this opinion.

A true copy.

Attest:

CLERK,  U.  S.  COURT  OF  APPEALS,  EIGHTH CIRCUIT.