# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1583EM

_____

United States of America,                     *
                                              *
            Appellee,                         *
                                              *     On Appeal from the United States
v.                                            *     District Court for the
                                              *     Eastern District of Missouri
Mark A. Geralds,                              *
                                              *
            Appellant.                        *


_____

Submitted: September 21, 1998

Filed: October 19, 1998

_____

Before BOWMAN, Chief Judge, WOLLMAN, and KELLY, Circuit Judges.

_____


KELLY, Circuit Judge.


        Mark A. Geralds pled guilty to one count of knowingly attempting to possess, with the intent to distribute, a controlled substance, in violation of 21 U.S.C. § 846.

On appeal, Geralds challenges the district court's[1] imposition of a 330-month prison sentence. We affirm.

## I. BACKGROUND

On May 18, 1995, Geralds was charged in a one-count indictment with knowingly attempting to possess, with the intent to distribute, cocaine, in violation of 21 U.S.C. § 846. On December 27, 1995, Geralds entered a conditional guilty plea.

On March 22, 1996, the district court conducted a sentencing hearing. Several of the government's witnesses testified about prior drug transactions they had entered into with Geralds, including the quantities of drugs they had purchased from Geralds and the frequency with which these sales took place. One of the witnesses, Marcus Jimmerson, testified that he had purchased 18 ounces of crack cocaine from Geralds in December of 1992. Jimmerson also described a number of other drug transactions involving Geralds. Two government agents, Cooper and Fisher, testified about their interviews with Geralds, in which he had admitted his involvement in a number of drug transactions. Geralds himself testified, stating that some of the government's testimony was untrue.

The Presentence Investigation Report concluded that, based on the information provided by Geralds and Jimmerson, Geralds was accountable for at least 500 grams, but less than 1.5 kilograms, of cocaine base, and in excess of two kilograms of cocaine. Accordingly, the recommended base offense level was 36. Because Geralds' criminal history category was V, the recommended sentencing range was 292 - 365 months in prison. Had the transaction with Jimmerson not been included, Geralds' base offense

---

[1]The Honorable Stephen N. Limbaugh, Senior United States District Judge for the Eastern District of Missouri.

level would have been 26, with a recommended sentencing range of 110 - 137 months in prison. The district court included the December 1992 transaction described by Jimmerson in calculating the base offense level, and imposed a sentence of 330 months in prison.[2]

Geralds argues that the district court erred in including the December 1992 transaction with Jimmerson as relevant conduct for sentencing purposes. He also argues that the district court erred by not requiring the government to prove this conduct by clear and convincing evidence rather than by a preponderance of the evidence. In addition, in a pro se supplemental brief, Geralds set forth additional arguments. This opinion reflects the arguments included by Geralds in his pro se brief as well as the arguments raised in oral argument.

## II. ANALYSIS

### A. Relevant Conduct

In a drug distribution case, quantities and types of drugs that are not specified in the count of conviction are properly included in the offense level calculation if they "were part of the same course of conduct or part of a common scheme or plan as the count of conviction." United States v. Sleet, 893 F.2d 947, 949 (8th Cir. 1990) (quoting U.S.S.G. § 1B1.3, comment). The district court should consider the "similarity, regularity, and temporal proximity" of the conduct in determining whether it is part of the same course of conduct or common scheme or plan. United States v. Chatman, 982 F.2d 292, 294 (8th Cir. 1992) (quoting United States v. Hahn, 960 F.2d

_____

[2]A sentence of 360 months was originally imposed by the district court. At Geralds' first appeal to this court, his conviction was affirmed but the case was remanded for resentencing. See United States v. Geralds, 117 F.3d 1423 (8th Cir. 1997). Geralds was sentenced to 330 months in the second sentencing hearing.

903, 910 (9th Cir. 1992)). This determination is factual and may be reversed only if it is clearly erroneous. Sleet, 893 F.2d at 949.

We conclude that the district court did not clearly err in determining that Geralds' possession of 18 ounces of crack cocaine in December of 1992 was part of the same course of conduct or common scheme or plan as the powder cocaine distribution offense for which he was convicted. The record supports the district court's finding that the appellant possessed this crack cocaine as part of an ongoing course of conduct and as part of a common plan or scheme to distribute cocaine throughout the state of Missouri. The two transactions were similar in a number of ways: both were distribution-related offenses, both involved forms of cocaine, both involved a similar quantity of cocaine, and both involved Geralds' travel to St. Louis to acquire the cocaine and return to Southeast Missouri to distribute the cocaine. Moreover, although the transaction described by Jimmerson occurred 18 months prior to the offense of conviction, both transactions were part of a regular pattern of drug distribution as evidenced by the testimony of Jimmerson, other government witnesses, and Geralds himself. Finally, both transactions occurred within 125 miles of one another and within the state of Missouri. Accordingly, the district court's inclusion of the December 1992 transaction in the calculation of Geralds' base offense level was proper.

## B. Standard of Proof

Geralds also argues that the district court should have required the government to prove his relevant conduct by clear and convincing evidence, rather than by the preponderance of the evidence, because his relevant conduct caused such a great increase in his sentence. We have previously acknowledged "the possibility that the preponderance standard the Court approved for garden variety sentencing determinations may fail to comport with due process where, as here, a sentence

-4-

enhancement factor becomes 'a tail which wags the dog of the substantive offense.'" United States v. Townley, 929 F.2d 365, 369 (8th Cir. 1991) (quoting McMillan v. Pennsylvania, 477 U.S. 79, 88 (1986)). In Townley, we did not decide this question because we concluded that the result in that case would be the same under either standard. Townley, 929 F.2d at 370. For the same reason, we decline to decide that issue here. There was abundant testimony that Geralds was engaged in an ongoing course of drug distribution. Even assuming, arguendo, that the clear and convincing standard applies, the government has met its burden of proof.

## III. CONCLUSION

Because the district court did not clearly err by determining that the December 1992 transaction described by Marcus Jimmerson was relevant conduct and because the district court properly applied the preponderance of the evidence standard to this conduct, we affirm Geralds' sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-