# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2960

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Primitivo Barraza, also known as | * | |
| Primo, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 23, 1999
Filed: October 1, 1999

_____

Before WOLLMAN, Chief Judge, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Primitivo Barraza sold methamphetamine to a police informant on July 18, 1997. He pleaded guilty to delivering methamphetamine, in violation of 21 U.S.C. § 841(a)(1). At sentencing, Nicholas Vasquez testified that he had frequently purchased methamphetamine from Barraza during the period from August 1 through October 11, 1996 (when Vasquez was arrested). In addition to describing those transactions generally, he described a particular October 11 transaction in which he traded a gun to Barraza as partial payment for a pound of marijuana and four ounces

of methamphetamine. Over Barraza's objection, the district court[1] determined that the October 11, 1996 gun-for-drugs transaction was relevant conduct with respect to the July 18, 1997 methamphetamine delivery; applied a two-level enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995) for possession of a dangerous weapon; and sentenced Barraza to 108 months imprisonment and 5 years supervised release. On appeal, Barraza challenges this enhancement.

The dangerous-weapon enhancement applies not only if a weapon was connected to the offense of conviction, but also if a weapon was connected to relevant conduct. See United States v. Barresse, 115 F.3d 610, 612 (8th Cir. 1997). Having carefully reviewed Vasquez's testimony, we conclude that the district court did not clearly err in determining that the gun-for-drugs transaction was relevant conduct. Vasquez's testimony established that Barraza's sales to him were similar to Barraza's sale to the police informant in the following ways: methamphetamine was sold, it was packaged in the same way, the sales were arranged by pager, and the sales took place in Nebraska. See United States v. Geralds, 158 F.3d 977, 979 (8th Cir. 1998) (standard of review; relevant conduct where transactions which occurred eighteen months apart were distribution-related offenses involving similar quantities of same drug, were part of regular pattern of drug distribution, and occurred within same state). We also conclude that the district court did not clearly err in determining that the gun was connected to the conduct. See United States v. Rogers, 150 F.3d 851, 857-58 (8th Cir. 1998) (standard of review; exchanging gun for drugs suffices to establish nexus for enhancement under § 2D1.1(b)(1)), cert. denied, 119 S. Ct. 888 (1999).

---

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.