# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2781

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Jose Luis Alvarez, | * | Northern District of Iowa |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: March 5, 2004

Filed: March 24, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Jose Luis Alvarez appeals from the final judgment entered in the district court[1] for the Northern District of Iowa after he pleaded guilty to conspiring to distribute methamphetamine with Schery Ann Draper, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced Alvarez to 168 months imprisonment and 4 years supervised release. For reversal, Alvarez argues the district court erred in counting $25,266 in cash (which equated to 1,360.8 grams of methamphetamine)

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

seized at his arrest as relevant conduct when it calculated his base offense level under the Sentencing Guidelines. For the reasons discussed below, we affirm the judgment of the district court.

Having carefully reviewed the record, we find the district did not clearly err in counting as relevant conduct the $25,266 in cash seized at Alvarez's arrest. See U.S.S.G. § 1B1.3(a) (relevant conduct); United States v. Geralds, 158 F.3d 977, 979 (8th Cir. 1998) (clear error review), cert. denied, 526 U.S. 1031 (1999).

The government presented testimony that Alvarez had instructed a minor to carry a backpack, which contained the $25,266 in cash, from Alvarez's apartment to a truck, and Alvarez thereafter drove the truck, with the minor and two others as passengers, to a local stereo store. Once at the store, Alvarez moved the backpack to the inside of the truck. The backpack contained not only Alvarez's birth certificate, Social Security card, and other documents belonging to him, but also numerous drug notes, some of which specifically referenced Draper (Alvarez's admitted coconspirator) by name. And earlier that same day police had found over 55 grams of methamphetamine in Draper's vehicle only moments after Draper left Alvarez's apartment, and Alvarez had no history of gainful employment. See U.S.S.G. § 2D1.1, comment. (n.12.) (where drug amount seized by police does not reflect scale of offense, district court shall approximate quantity of drugs by considering price generally obtained for drugs, financial or other records, and similar drug transactions by defendant); United States v. Perkins, 94 F.3d 429, 438 (8th Cir. 1996) (district court did not clearly err in converting cash seized at arrest into cocaine where defendant had only minimal income during 4 years prior to his arrest), cert. denied, 519 U.S. 1136 (1997); United States v. Bieri, 21 F.3d 811, 817 (8th Cir.) (in assessing base offense level of defendant involved in drug conspiracy, court may consider amounts from other drug transactions if they are part of defendant's same course of conduct or scheme), cert. denied, 513 U.S. 878 (1994); United States v. Stephenson, 924 F.2d 753, 764 (8th Cir.) (cash or drug receipts may be used in calculating amount

of controlled substance involved in drug offense for sentencing purposes), <u>cert. denied</u>, 502 U.S. 813, 916 (1991).

Accordingly, we affirm.

_____