**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 9, 2013

Lyle W. Cayce
Clerk

No. 12-41231

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SERGIO RICO-MENDOZA,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
U.S.D.C. No. 2:12-CR-311-1

Before BARKSDALE, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Sergio Rico-Mendoza pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to fifty-seven months of imprisonment. Rico-Mendoza appeals his sentence, arguing that the district court incorrectly applied a sixteen-level "crime of violence" enhancement based on his prior Iowa conviction for aggravated assault. Because we conclude that Rico-Mendoza's Iowa conviction was not a crime of violence, we VACATE his sentence and REMAND for resentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41231

## I. Background

Rico-Mendoza pleaded guilty to one count of illegal reentry following deportation in violation of 8 U.S.C. § 1326(a), (b). The pre-sentence investigation report ("PSR") recommended a sixteen-offense-level increase pursuant to U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 2L1.2(b)(1)(A)(ii) (2011) on the ground that his 2003 Iowa conviction for aggravated assault was a crime of violence. At sentencing, Rico-Mendoza objected to the sixteen-offense-level increase, arguing that his prior Iowa conviction did not constitute a crime of violence. The district court overruled the objection and sentenced Rico-Mendoza to fifty-seven months of imprisonment. Rico-Mendoza appealed.

## II. Discussion

Under the Guidelines, a defendant convicted of illegal reentry is subject to a sixteen-offense-level sentence enhancement if he was convicted of a crime of violence prior to his removal or deportation. U.S.S.G. § 2L1.2(b)(1)(A)(ii). The Application Notes to the Guidelines define a "crime of violence" as: (1) one of several enumerated offenses, including "aggravated assault," or (2) "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." § 2L1.2 cmt. n.1(B)(iii). Rico-Mendoza argues that his Iowa conviction does not fall under either definition.

Characterization of a prior offense as a crime of violence is a question of law that we review *de novo*. *United States v. Rodriguez*, 711 F.3d 541, 548 (5th Cir.) (en banc), *cert. denied*, No. 12-10695, 2013 WL 2617911 (U.S. Nov. 4, 2013). "When determining whether a prior conviction qualifies as a crime of violence under the Guidelines, we [use] the categorical approach that the Supreme Court first outlined in *Taylor v. United States*, 495 U.S. 575 (1990)." *Rodriguez*, 711 F.3d at 549. "Under the categorical approach, the analysis is grounded in the elements of the statute of conviction rather than a defendant's specific conduct."

No. 12-41231

*Id.*; *see also United States v. Calderon-Pena*, 383 F.3d 254, 257 (5th Cir. 2004) (en banc). "[I]f the statute of conviction contains a series of disjunctive elements, we may look beyond the statute to certain records made or used in adjudicating guilt to determine which subpart of the statute formed the basis of the conviction." *United States v. Esparza-Perez*, 681 F.3d 228, 230 (5th Cir. 2012) (citation omitted). "These records are generally limited to the charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented." *Id.* (citation and internal quotation marks omitted).

Rico-Mendoza's charging document alleged that he "unlawfully and willfully, without justification, commit[ted] an assault . . . and did use or display a dangerous weapon . . . . in violation of Sections 708.1 and 708.2(3) of the 2001 Code of Iowa as amended." The judgment likewise reflected that Rico-Mendoza pleaded guilty to "Aggravated Assault in violation of Iowa Code Sections 708.1 and 708.2(3)." Section 708.1 of the Iowa Code defines the crime of "assault" as follows:

> An assault as defined in this section is a general intent crime. A person commits an assault when, without justification, the person does any of the following:
>
> 1.   Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
>
> 2.   Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.
>
> 3.   Intentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another.

No. 12-41231

IOWA CODE § 708.1 (2003) (the final two paragraphs, which are not relevant to this action, are omitted). In turn, section 708.2(3) provides, "[a] person who commits an assault, as defined in section 708.1, and uses or displays a dangerous weapon in connection with the assault, is guilty of an aggravated misdemeanor." IOWA CODE § 708.2(3) (2003).

The applicable records do not allow us to determine further which subparts or disjunctive elements of the statutes formed the basis of Rico-Mendoza's conviction. We therefore must determine whether "the least culpable act constituting a violation" of the statutes of conviction meets the definition of the enumerated offense of aggravated assault or has as an element the use, attempted use, or threatened use of physical force against the person of another. *United States v. Gonzalez-Ramirez*, 477 F.3d 310, 315–16 (5th Cir. 2007); *see also United States v. Gore*, 636 F.3d 728, 733–34 & n.19 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1633 (2012). The least culpable act constituting a violation of the statutes consistent with the conviction here at issue occurs when the defendant "[i]ntentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another." §§ 708.1(3), 708.2(3).[1]

*A. Enumerated Offense of Aggravated Assault*

Because aggravated assault is not defined by the Guidelines, "we look to the generic, contemporary meaning of aggravated assault, employing a common sense approach that looks to the Model Penal Code, the LaFave and Scott treatises, modern state codes, and dictionary definitions." *Esparza-Perez*, 681 F.3d at 229 (citation and internal quotation marks omitted). In *Esparza-Perez*, we relied on these sources to conclude that "the generic, contemporary meaning

---

[1] Section 708.2(3) ("uses or displays a dangerous weapon in connection with the assault") is redundant of section 708.1(3) and adds no greater specificity to the offense. Therefore, we refer only to the language of section 708.1(3).

of aggravated assault is an assault carried out under certain aggravating circumstances." *Id.* at 231 (citing *United States v. Fierro-Reyna*, 466 F.3d 324, 328 (5th Cir. 2006)). "Assault, in turn, requires proof that the defendant either caused, attempted to cause, or threatened to cause bodily injury or offensive contact to another person." *Esparza-Perez*, 681 F.3d at 231. "When the statute of conviction encompasses prohibited behavior that is not within the plain, ordinary meaning of [aggravated assault], the conviction is not a crime of violence as a matter of law." *Fierro-Reyna*, 466 F.3d at 327 (citation and internal quotation marks omitted). Thus, we consider the statutes under which Rico-Mendoza was convicted to see if they require (1) causing, attempting to cause, or threatening to cause bodily injury or offensive contact to another (2) under aggravating circumstances.

While Rico-Mendoza's conviction may have included the traditional aggravating circumstance of using a dangerous weapon, he "was not convicted of the enumerated offense of aggravated assault because his [Iowa] offense did not require proof of an underlying assault and therefore does not comport with the generic, contemporary definition of that crime." *Esparza-Perez*, 681 F.3d at 231. As construed by state and federal courts in Iowa, sections 708.1(3) and 708.2(3) do not require that the defendant cause, attempt to cause, or threaten to cause bodily injury or offensive contact to another. Unlike the "generic meaning," sections 708.1(3) and 708.2(3) do not require proof that the defendant intended to use the weapon, threatened to use the weapon, or that the acts were intended or reasonably calculated to place another in fear of harmful or offensive contact. *See, e.g.*, *United States v. Thomas*, 565 F.3d 438, 440–42 (8th Cir. 2009) (holding that the defendant committed assault under section 708.1(3) where he "came into the apartment for about two seconds with a gun in his right hand," "held the gun straight down at his side," said "wrong door," then "closed the door and started knocking on the other apartment's door"); *State v. Harris*, 705

N.W.2d 105, 2005 WL 1397907 (Iowa Ct. App. June 15, 2005) (table decision without published opinion) (finding substantial evidence for conviction under section 708.1(3) where tenants in disagreement with their landlord peered into the window of the landlord's office while attempting to get the landlord's attention and saw the landlord, "who appeared to be very angry," stand up from behind his desk with a rifle in his hands in a "ready" position); *State v. Mott*, No. 00-575, 2001 WL 433395, at *1–2 (Iowa Ct. App. Apr. 27, 2001) (unreported) (finding sufficient evidence for conviction under section 708.1(3) where the defendant, who seemed upset, stabbed a calculator and a desk with a knife, but did not display the knife at the victim, point the knife at the victim, or approach the victim with the knife). While we recognize that pointing a gun at someone is a serious offense, we are constrained by precedent to conclude that these are not "sufficiently minor" differences from the definition of generic aggravated assault. *See Esparza-Perez*, 681 F.3d at 231 (quoting *United States v. Mungia-Portillo*, 484 F.3d 813, 817 (5th Cir. 2007)).

In effect, section 708.1(3) proscribes the same conduct that elevates the offense of "assault" to "aggravated assault" under section 708.2(3), i.e., the presence of a dangerous weapon, without clearly requiring the commission of the acts constituting an underlying generic "assault." Rico-Mendoza's crime of conviction therefore was not a crime of violence based on the enumerated offense of aggravated assault as listed in U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

*B. Physical Force Element*

The residual clause to comment note 1(B)(iii) defines "crime of violence" as any offense that has "as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). To be an element of the offense, "the intentional use of force must be a constituent part of a claim that must be proved for the claim to succeed." *United States v. Vargas-Duran*, 356 F.3d 598, 605 (5th Cir. 2004) (en banc) (citation and

No. 12-41231

internal quotation marks omitted). "If any set of facts would support a conviction without proof of that component, then the component most decidedly is not an element—implicit or explicit—of the crime." *Id.* For Guidelines purposes, physical force requires "force capable of causing physical pain or injury to another person." *United States v. Flores-Gallo*, 625 F.3d 819, 823 (5th Cir. 2010).

For much the same reason that the least culpable means of violating the statutes of conviction does not constitute the enumerated offense of aggravated assault, it likewise does not have as an element the use, attempted use, or threatened use of physical force against another. *See Esparza-Perez*, 681 F.3d at 232 ("Assault, as commonly understood, by its nature requires proof of the use, attempted use, or threatened use of offensive contact against another person."). As illustrated above, the statutes require proof only that the defendant pointed a firearm at another or displayed a dangerous weapon in a threatening manner toward another. *See* § 708.1(3). Although there are certainly situations encompassed by the statute that would constitute a threatened use of physical force, the statute does not require intent to harm or apprehension by the victim of potential harm. As such, it could include an accidental or jesting pointing of the weapon, which would not fall under the "use, attempted use, or threatened use" of physical force rubric. The statutes do not require use of the weapon, threatened use of the weapon, touching another person with the weapon, or that a victim even be aware that the weapon is pointed or displayed toward them. *Cf. United States v. Dominguez*, 479 F.3d 345, 347–49 (5th Cir. 2007) (finding that intentionally touching or striking with a deadly weapon against the victim's will is a crime of violence based on the threatened use of physical force). The least culpable means of violating the statutes of conviction simply does not have a physical-force element as articulated in the residual clause of U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

No. 12-41231

## III. Conclusion

Rico-Mendoza's Iowa conviction is not a crime of violence for purposes of imposing a sixteen-offense-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii).[2] Because the Government has not shown that such error was harmless, Rico-Mendoza's sentence is VACATED and we REMAND this case for resentencing.

---

[2] Since we conclude that the least culpable means of violating the statutes of conviction—section 708.1(3) coupled with section 708.2(3)—is not a crime of violence, we leave for another day whether the other subparts of the statutes constitute crimes of violence.