# United States Court of Appeals
## For the Eighth Circuit
_____

No. 20-1654
_____

United States of America

*Plaintiff - Appellee*

v.

Carl McArthur

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: January 15, 2021
Filed: April 13, 2021
[Unpublished]
_____

Before GRUENDER, BENTON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Carl McArthur was convicted of one count of possession of a firearm by a prohibited person. *See* 18 U.S.C. §§ 922(g)(1), 922(g)(9), 924(a)(2). He subsequently filed a motion for a new trial, which the district court[1] granted. Over

_____
[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

the course of the two weeks preceding the scheduled retrial date, the Government disclosed to McArthur additional witness statements from three witnesses. The Friday before the Monday start date of the second trial, McArthur moved for a continuance on the basis that he needed additional time to evaluate these witnesses' statements. The district court denied this motion, the matter proceeded to trial, and McArthur once again was found guilty. At sentencing, the district court found that McArthur's offense involved three to seven firearms, and it therefore increased his offense level under the sentencing guidelines by two levels. *See* U.S.S.G. § 2K2.1(b)(1)(A). It then calculated a total offense level of 26 and a criminal-history category of IV, yielding an advisory sentencing guidelines range of 92 to 115 months' imprisonment, and it sentenced McArthur to 115 months' imprisonment. McArthur appeals, challenging the denial of his motion for a continuance and the imposition of the two-level increase under § 2K2.1(b)(1)(A). We affirm.

First, we address McArthur's claim that the district court abused its discretion by denying his motion for a continuance. "We review a district court's denial of a request for continuance for an abuse of discretion and will only reverse if the moving party shows prejudice by the denial." *United States v. Dukes*, 758 F.3d 932, 939 (8th Cir. 2014). McArthur's motion for a continuance was based on the Government's disclosure, within the last two weeks before McArthur's second trial, of summaries or reports of three witnesses' interviews that occurred within the same time period. But, despite baldly asserting that his counsel "could not be prepared for the [new] testimony," McArthur points to no facts showing he was prejudiced by the denial of his motion. He does not claim, for instance, that the witness statements were particularly long. At least one spanned only one page. Moreover, all three of the witnesses were known to McArthur because they were identified in police reports available to McArthur more than nine months prior to his second trial. One of the witnesses even testified at the first trial. Because McArthur has not shown that he was prejudiced by the district court's denial of his motion for a continuance, we will not reverse. *See United States v. Hyles*, 479 F.3d 958, 968 (8th Cir. 2007) (finding no prejudice because defendant did "not point to anything specific that would have been done if not for the late arrival of" certain evidence or "argue that, if the

continuance had been granted, the result of the trial would have been different"); *United States v. Fuller*, 665 F. App'x 248, 251-53 (4th Cir. 2016) (per curiam) ("[M]ore than a general allegation of 'we were not prepared' is necessary to demonstrate prejudice.").

Next, we consider McArthur's argument that the district court procedurally erred by adding two levels to his offense level under U.S.S.G. § 2K2.1(b)(1)(A). "In reviewing a sentence for procedural error, we review the district court's factual findings for clear error and its application of the guidelines de novo." *United States v. Ayres*, 929 F.3d 581, 583 (8th Cir. 2019).

Section 2K2.1(b)(1)(A) provides for a two-level increase to a defendant's offense level if the defendant's "offense" involved three to seven firearms. "[T]he term 'offense' means 'the offense of conviction and all relevant conduct . . . .'" *United States v. Cole*, 525 F.3d 656, 658 (8th Cir. 2008) (quoting U.S.S.G. § 1B1.1 cmt. n.1(H)). McArthur argues that the district court procedurally erred because it considered as "relevant conduct" two incidents where McArthur possessed a gun that occurred just a few months after his offense of conviction. He claims that these incidents cannot be relevant conduct because they were not "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2).[2] He does not dispute that, if these incidents are "relevant conduct," then his offense involved three firearms. "Whether acts are relevant conduct under the sentencing guidelines is a factual determination [we] review for clear error," *United States v. White*, 447 F.3d 1029, 1032 (8th Cir. 2006), in doing so "remembering that such a determination is fact-intensive and well within the district court's sentencing expertise and greater familiarity with the factual record." *United States v. Hernandez*, 712 F.3d 407, 409 (8th Cir. 2013).

The district court did not clearly err in finding that McArthur's "relevant conduct" included the two incidents where McArthur possessed a gun that occurred

---

[2]The parties agree that U.S.S.G. § 1B1.3(a)(2) is applicable.

just a few months after his offense of conviction.  Under § 1B1.3(a)(2), acts that are either part of a "common scheme or plan" or part of the "same course of conduct" as the offense of conviction are relevant conduct, and acts are part of the same course of conduct as the offense of conviction if the acts and the offense are "sufficiently connected or related to each other as to warrant the conclusion that they are part of a[n] . . . ongoing series of offenses." § 1B1.3(a)(2) cmt. n.5(B)(ii).  "Factors that are appropriate to the determination of whether offenses are sufficiently connected or related to each other to be considered part of the same course of conduct include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses."  *Id.*  "When one of the above factors is absent, a stronger presence of at least one of the other factors is required."  *Id.*

Here, the offense of conviction and the two subsequent incidents were part of an ongoing series of offenses because about three months elapsed between the offense of conviction and the two subsequent incidents and, in each, McArthur attempted to steal money or methamphetamine from drug users at residences other than his own in the same geographic area while using or possessing a firearm.  *See United States v. Moore,* 212 F.3d 441, 446 (8th Cir. 2000) (holding that uncharged drug quantities were part of the same course of conduct where the sale of those quantities occurred in the same city as the charged drug offense and occurred four to six months earlier); *United States v. Geralds,* 158 F.3d 977, 979 (8th Cir. 1998) (concluding that the defendant's possession of drugs eighteen months prior to the distribution offense for which he was convicted was part of the same course of conduct as the offense of conviction because both were distribution-related offenses, involved the same type and quantity of drug, and occurred in the same geographical area).

Because each of these subsequent incidents was part of the same course of conduct as the offense of conviction, the district court did not clearly err in finding that they were "relevant conduct" under § 1B1.3(a)(2).  Therefore, the district court did not procedurally err by increasing McArthur's offense level by two levels under § 2K2.1(b)(1)(A).

For the foregoing reasons, we affirm.

_____