# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2254
_____

United States of America

*Plaintiff - Appellee*

v.

Kaleb Alan Shannan

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: March 16, 2023
Filed: May 8, 2023
_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.
_____

ERICKSON, Circuit Judge.

Kaleb Shannan was convicted of being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, over Shannan's objection, the district court[1] applied an increased base offense level of 24 under

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

U.S.S.G. § 2K2.1(a)(2), finding Shannan's two prior convictions for aggravated assault under Iowa Code § 708.2(3) and his prior conviction for aggravated domestic abuse assault under Iowa Code § 708.2A(2)(c) qualify as convictions for crimes of violence. Shannan appeals, arguing the district court erred in making these determinations. We affirm.

We review *de novo* the question of whether a prior conviction qualifies as a crime of violence. <u>United States v. Williams</u>, 926 F.3d 966, 969 (8th Cir. 2019) (citations omitted). U.S.S.G. § 2K2.1(a)(2) provides for an increased base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." A crime of violence is any felony offense that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the force clause); or (2) is one of several enumerated offenses, including "aggravated assault" (the enumerated-offenses clause). U.S.S.G. § 4B1.2(a); <u>see also</u> <u>id.</u> § 2K2.1 cmt. n.1 (referring to § 4B1.2 for the definition of "crime of violence").

Under Iowa Code § 708.2(3), aggravated assault occurs when "[a] person . . . commits an assault, as defined in section 708.1, and uses or displays a dangerous weapon in connection with the assault." In <u>United States v. McGee</u>, this Court held § 708.2(3) qualifies as a crime of violence under the force clause because the "display" of a dangerous weapon requires at least the threatened use of physical force. 890 F.3d 730, 736-37 (8th Cir. 2018). Shannan argues <u>McGee</u> is not controlling because the "use" of a dangerous weapon under § 708.2(3) is a different means of violating § 708.2(3) than the "display" of a dangerous weapon. In Shannan's view, the "use" of a dangerous weapon does not require the use of requisite force under the force clause. Iowa courts have not differentiated between the "use" and the "display" of a dangerous weapon, and our survey of Iowa case law suggests no distinction. <u>See, e.g.</u>, <u>State v. Allen</u>, 965 N.W.2d 909, 911 (Iowa 2021) (citation omitted) (stating that a conviction for assault while using or displaying a dangerous weapon requires the State to prove that the defendant committed assault

while displaying a dangerous weapon towards the victim in a threatening manner); cf. State v. Lillie, No. 21-1393, 2022 WL 2824779, at \*1, \*3 (Iowa Ct. App. July 20, 2022) (finding sufficient evidence to support a conviction when the defendant displayed a firearm even though she also discharged the firearm).

Shannan also relies on an unpublished Fifth Circuit opinion, United States v. Rico-Mendoza, 548 F. App'x 210 (5th Cir. 2013) (per curiam), contending that a § 708.2(3) violation does not require an intentional or knowing display of force as is required for an offense to qualify as a crime of violence under Borden v. United States, 141 S. Ct. 1817 (2021) (plurality opinion). In Rico-Mendoza, the Fifth Circuit concluded § 708.2(3) is not categorically a crime of violence under the force clause because a defendant could violate § 708.2(3) by an "accidental or jesting pointing" of a weapon. 548 F. App'x at 214. We disagree with Rico-Mendoza's conclusion. The Iowa decisions cited in Rico-Mendoza do not suggest a § 708.2(3) violation can occur accidentally or in a jesting manner. See State v. Harris, 705 N.W.2d 105 (Iowa Ct. App. 2005) (unpublished table decision) (finding sufficient evidence to support a conviction when the defendant angrily stood with a rifle in the "'ready' position" during an argument with the victims and the factfinder could infer his "intent was to intimidate" them); State v. Mott, No. 00-575, 2001 WL 433395, at \*1-2 (Iowa Ct. App. Apr. 27, 2001) (rejecting the defendant's argument that the state "failed to prove he intentionally displayed [a] knife toward" the victim when the defendant angrily paced with a knife, stabbed a desk, and questioned the victim).

In addition, we are unaware of any Iowa case in which a defendant was convicted under § 708.2(3) without knowingly or intentionally displaying a dangerous weapon. Accordingly, there is no "realistic probability" the Iowa courts would apply § 708.2(3) in a situation where the defendant did not knowingly or intentionally display a dangerous weapon. See United States v. Bragg, 44 F.4th 1067, 1076 (8th Cir. 2022) (quoting Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007)).

Because Shannan's two convictions under § 708.2(3) categorically qualify as crimes of violence under the force clause, the district court did not err in applying an increased base offense level under U.S.S.G. § 2K2.1(a)(2).  We decline to address the remaining arguments.

For the foregoing reasons, we affirm the judgment of the district court.

_____