# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3275
_____

United States of America,

*Plaintiff - Appellee*,

v.

Christopher Joseph Conrad,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: June 12, 2023
Filed: July 26, 2023
_____

Before LOKEN, COLLOTON, and ERICKSON, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Christopher Conrad pleaded guilty to unlawful possession of a firearm as a previously convicted felon. *See* U.S.C. §§ 922(g)(1), 924(a)(2). At sentencing, the district court determined a base offense level of 24 after concluding that Conrad had sustained two prior felony convictions for a crime of violence. The court sentenced Conrad to 96 months' imprisonment. On appeal, Conrad argues that the district court

committed procedural error when it calculated his base offense level and failed to follow the procedures of Federal Rule of Criminal Procedure 32(i)(3). We affirm the sentence, but remand for correction of the court's statement of reasons.

Conrad first argues that the district court committed procedural error in calculating his base offense level. The guidelines set a base offense level of 24 if "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." USSG § 2K2.1(a)(2). The guidelines define "crime of violence" to include "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id*. § 4B1.2(a)(1). The district court concluded that Conrad's prior convictions for aggravated robbery under 720 Ill. Comp. Stat. § 5/18-1(b)(1) and for domestic abuse assault under Iowa Code § 708.2A(2)(c) qualified as crimes of violence.

Conrad contends that his conviction in Iowa for domestic abuse assault with the use or display of a weapon is not a crime of violence. An offense under Iowa Code § 708.2A(2)(c) is punishable by more than a year in prison. The elements require proof that an offender (1) committed an assault against a person with an enumerated domestic relationship to the offender, Iowa Code § 708.2A(1), and (2) did so with intent to inflict serious injury upon another, or used or displayed a dangerous weapon in connection with the assault. *Id*. § 708.2A(2)(c).

In *United States v. McGee*, 890 F.3d 730, 736-37 (8th Cir. 2018), this court held that assault while displaying a dangerous weapon in violation of Iowa Code § 708.2(3) qualifies as a crime of violence, because the "display" of a dangerous weapon requires at least the threatened use of physical force. As the only difference between the assault statute at issue in *McGee* and the domestic assault statute at issue here is the identity of the victim, the reasoning of *McGee* governs § 708.2A(2)(c) as

well.  *See United States v. Tinlin*, 20 F.4th 426, 428 (8th Cir. 2021), *cert. denied*, 143 S. Ct. 1054 (2023).

Conrad argues, however, that *McGee* is not controlling, because the "use" of a dangerous weapon and the "display" of a dangerous weapon are alternative means of committing the offense.  He contends that the "use" of a dangerous weapon to commit a domestic assault does not meet the definition of violent force required by federal law.  *See Johnson v. United States*, 559 U.S. 133, 140 (2010).

While Conrad's appeal was pending, this court decided *United States v. Shannan*, 66 F.4th 1177 (8th Cir. 2023).  *Shannan* determined that there is no distinction between the "use" and the "display" of a dangerous weapon under Iowa Code § 708.2(3), and that the offense categorically qualifies as a crime of violence.  *Id*. at 1178.  For the same reason, Conrad's offense of domestic abuse assault with the "use" of a weapon is a crime of violence under the force clause.  The district court thus made no procedural error in calculating Conrad's guideline range.

Conrad next argues that the district court did not comply with the federal rules of criminal procedure in resolving disputed issues at sentencing.  In particular, Conrad contests the district court's handling of his objection to a paragraph of the presentence report (PSR) stating that he was affiliated with a criminal gang.  Rule 32(i)(3) requires a sentencing court to rule on any disputed portion of a presentence report or to determine that a ruling is unnecessary, and to append those determinations to any copy of the presentence report made available to the Bureau of Prisons.  Fed. R. Crim. P. 32(i)(3)(B)-(C).

Conrad contends that the district court did not append an accurate statement of reasons to the presentence report that was provided to the Bureau of Prisons.  At sentencing, the government did not offer evidence to support the disputed paragraph on gang affiliation, and the district court neither resolved Conrad's objection nor

relied on asserted gang affiliation when imposing sentence. In its statement of reasons, however, the district court stated that it adopted the presentence report without change. The court did not check the box on the statement of reasons identifying "portions of the report in dispute but for which a court determination is unnecessary because the matter will not affect sentencing or the court will not consider it."

"District courts are arbiters of justice, not editors of PSRs." *United States v. Hernandez-Espinoza*, 890 F.3d 743, 745 (8th Cir. 2018). As such, the district court was not required to resolve every disputed issue and to amend the presentence report accordingly. But Rule 32 does impose a duty either to resolve disputes or to determine that a ruling is unnecessary, and then to append a copy of the court's determinations to the report. Conrad requests, and the government does not resist, a remand for the district court to amend its statement of reasons to reflect that it did not resolve Conrad's objection to the presentence report regarding gang affiliation. We agree that this remedy is warranted.

For these reasons, we affirm the sentence imposed, but remand solely for the court to amend its statement of reasons in accordance with Federal Rule of Criminal Procedure 32(i)(3).

_____