# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3618
_____

United States of America,

*Plaintiff - Appellee,*

v.

Sammie Truman Williams,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: September 19, 2023
Filed: December 21, 2023
[Unpublished]
_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Sammie Williams pleaded guilty to one count of conspiring to distribute a controlled substance. *See* 21 U.S.C. §§ 846, 841(b)(1)(B). The district court sentenced Williams to 77 months' imprisonment. On appeal, Williams argues that the district court committed procedural error in calculating his criminal history

category under the sentencing guidelines. He also argues that the district court failed to follow the procedures of Federal Rule of Criminal Procedure 32(i)(3) regarding objections to the presentence report. We affirm the sentence, but remand for correction of the district court's statement of reasons attached to the presentence report.

During August and September 2013, a confidential informant thrice bought drugs from Williams in Cedar Rapids. At least two of the transactions involved heroin. In July 2017, a second informant told law enforcement officers that the informant had purchased heroin from Williams from 2013 until "close to July 2017," and that Williams was leading a group of distributors. After an investigation, a grand jury charged Williams, and he pleaded guilty to one count of conspiracy to distribute heroin between July 2017 and February 2018.

At sentencing, the district court found that the distributions in 2013 were "relevant conduct" to the offense of conviction under USSG § 1B1.3. The court cited Williams's record of drug distribution and the similarity of the 2013 distributions to the charged conduct in 2017 and 2018.

The court's finding about the 2013 distributions did not affect Williams's offense level, but it did increase his criminal history category. For criminal history, the court scored one point for a 2005 sentence for possessing a controlled substance and another for a sentence imposed for a 2015 driving offense. The 2005 sentence counted only because Williams's relevant conduct for the instant offense began within ten years of 2005—that is, during 2013. *See* USSG §§ 4A1.1(c), 4A1.2(e)(2) & comment. (n.8). With two criminal history points, Williams was placed in Category II rather than Category I.

The court determined an advisory guideline range of 70 to 87 months' imprisonment. Williams objected to the court's finding that the 2013 distributions

were relevant conduct. He argued that the court should not have scored a criminal history point for his 2005 conviction because the sentence in that case was imposed more than ten years before any relevant conduct for the offense of conviction. We review a district court's finding that an act constitutes relevant conduct for clear error. *United States v. Ault*, 446 F.3d 821, 823 (8th Cir. 2006).

Relevant conduct for a drug conspiracy includes any of the defendant's acts or omissions that are part of "the same course of conduct" as the conspiracy. USSG §§ 1B1.3(a)(2), 2D1.1, 3D1.2(d). To determine whether acts are part of the same course of conduct, the sentencing court should consider "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." USSG § 1B1.3, comment. (n.5(B)(ii)). "When one of the above factors is absent, a stronger presence of at least one of the other factors is required." *Id.*; *see United States v. Paul*, 932 F.3d 1163, 1165 (8th Cir. 2019).

We conclude that there was no clear error in finding the relevant conduct for the offense of conviction began in 2013. When addressing the similarity of offenses, we have considered the type of offense, the controlled substance at issue, and the geographic scope of the conduct. *See United States v. Geralds*, 158 F.3d 977, 979 (8th Cir. 1998). Williams distributed heroin in 2013; the charged conspiracy in 2017 and 2018 involved distribution of heroin. The 2013 transactions and the later conspiracy all occurred in or around Cedar Rapids. There was evidence that Williams led a group of distributors from 2013 until "close to July 2017." Williams then oversaw a distribution conspiracy between July 2017 and February 2018. Some of the same actors distributed drugs for Williams during both time periods. It was not clearly erroneous for the court to find that Williams was "steadily employed in the distribution of heroin from at least 2013 up through the current criminal charged conduct in 2017 and 2018." The transactions in 2013 were thus substantially similar to the charged distribution conspiracy.

The gap in time between the 2013 transactions and the charged conspiracy does not undermine the district court's finding. A "regular pattern of drug distribution" can establish a single course of conduct even when relevant conduct occurs before the beginning of a charged conspiracy. *Id.* Where the government makes a strong showing of the similarity and regularity of the past acts, a district court may find that they constituted relevant conduct, even where the acts occurred "several years" before the charged offense. *United States v. Anderson*, 243 F.3d 478, 485 (8th Cir. 2001). Here, the evidence of a regular pattern of drug distribution and the strong similarity of the acts support the district court's finding. There was thus no clear error in calculating the advisory guideline range.

On a separate point, Williams argues that the district court did not adhere to the federal rules of criminal procedure when it addressed the issue of gang affiliation. At sentencing, Williams objected to a paragraph of the presentence report stating that he was affiliated with a criminal gang. The court determined that the allegation was unreliable, sustained Williams's objection, and did not rely on the asserted gang affiliation when imposing its sentence. Williams asked the court to strike the allegation from the presentence report, but the district court declined to do so.

"District courts are arbiters of justice, not editors of PSRs," so the court was not required to amend allegations in the presentence report to reflect its resolution of every disputed issue. *United States v. Conrad*, 74 F.4th 957, 959 (8th Cir. 2023) (quoting *United States v. Hernandez-Espinoza*, 890 F.3d 743, 745 (8th Cir. 2018)). But Rule 32 does require a district court to resolve contested issues or to determine that resolution is unnecessary, and then to append a copy of its determinations to the presentence report that is provided to the Bureau of Prisons. *Id.*; Fed. R. Crim. P. 32(i)(3)(B)-(C). The statement of reasons in this case does not show that the district court sustained Williams's objection to the presentence report regarding gang affiliation. The proper remedy for that oversight is a limited remand for the district

court to amend its statement of reasons so that it accurately reflects the court's determinations. *Conrad*, 74 F.4th at 959-60.

For these reasons, we affirm the sentence imposed, but remand solely for the court to amend its statement of reasons in accordance with Federal Rule of Criminal Procedure 32(i)(3).

_____