# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3362
_____

United States of America

*Plaintiff - Appellee*

v.

Trivansky Swington

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: October 19, 2023
Filed: January 9, 2024
[Unpublished]
_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

For possessing a firearm as a felon, *see* 18 U.S.C. § 922(g)(1), Trivansky Swington received a sentence of 120 months in prison. The district court made only one mistake: it failed to rule on a factual objection at sentencing. We remand for consideration of the objection, but otherwise affirm.

## I.

On Valentine's Day, Swington and his girlfriend spent the evening with family and friends. When the gathering broke up in the early morning hours, an argument erupted between the couple in front of two of their friends, who were with them in a car. As the argument grew more heated, Swington pulled out a revolver. His girlfriend ran away to call 911, while the others tried to wrestle the gun away from him before running inside too.

After attempting to follow them, Swington walked away. By the time officers arrived, he had already fired several shots and thrown the revolver into the snow. One officer followed some footprints to a driveway. From there, a police K-9 led him to the revolver, which was behind a garage.

Multiple witnesses testified, including many of the attendees of the Valentine's Day gathering and several police officers. After the jury found Swington guilty of a single felon-in-possession count, the district court sentenced him to 120 months in prison.

## II.

For the conviction to stand, there must have been evidence that Swington "possess[ed] . . . [the] firearm." 18 U.S.C. § 922(g)(1). We review the sufficiency of the evidence de novo, viewing the record in the light most favorable to the verdict. *See United States v. Aungie*, 4 F.4th 638, 643 (8th Cir. 2021).

Swington's defense at trial was that someone had planted the revolver in the snow to frame him and that several of the witnesses were in on it. The jury considered this possibility and rejected it, no doubt because multiple witnesses saw him with the gun earlier that night. Even if some of them may have had a motive to lie, as he suggests, the jury was still in "the best position to assess the[ir] credibility." *United States v. Trotter*, 837 F.3d 864, 868 (8th Cir. 2016) (citation omitted).

Our only task in a sufficiency challenge is to determine "if there is any interpretation of the evidence that could lead a reasonable jury to convict." *United States v. Brandon*, 521 F.3d 1019, 1025 (8th Cir. 2008). And here, there is. *See United States v. L.B.G.*, 131 F.3d 1276, 1278 (8th Cir. 1997) (holding that even a single witness's testimony can be enough).

III.

Swington also argues that some of the testimony used to convict him was inadmissible. He objects to the footprint analysis by two officers. *See* Fed. R. Evid. 701, 702. We review the admissibility of their testimony for an abuse of discretion. *See United States v. Duggar*, 76 F.4th 788, 794 (8th Cir. 2023).

The first officer, who was at the scene and personally found the revolver, was a lay witness testifying "about his first-hand observations." *United States v. Peoples*, 250 F.3d 630, 639 (8th Cir. 2001); *see* Fed. R. Evid. 701(a). His testimony was "helpful" because it described how he found the revolver by following the footprints left in the snow. *United States v. Lomas*, 826 F.3d 1097, 1106–07 (8th Cir. 2016) (citation omitted) (discussing the requirements of lay testimony).

The other officer was not at the scene and testified as a crime-lab expert. *See* Fed. R. Evid. 702. She compared photographs of the footprints to the tread pattern on Swington's shoes and noted the similarities. Even assuming her testimony was inadmissible, it did not "substantially influence[] the jury's verdict." *United States v. Merrell*, 842 F.3d 577, 582 (8th Cir. 2016) (citation omitted). Four witnesses placed the revolver in Swington's hands, and the jury heard how the footprints led the other officer to it. The error, if any, was harmless.

IV.

Swington's first of two sentencing challenges is to the calculation of his base offense level. It was high because the district found that he "committed" a felon-in-possession offense after a "felony conviction of . . . a controlled[-]substance offense." U.S.S.G. § 2K2.1(a)(4)(A) (setting a base offense level of 20). Swington believes that his prior conviction of possessing marijuana with intent to deliver, *see* Iowa Code § 124.401(1)(d), does not count because hemp is no longer a controlled substance, even if it was back then.

Unfortunately for Swington, we have already concluded otherwise. In *United States v. Bailey*, 37 F.4th 467 (8th Cir. 2022) (per curiam), we held that a marijuana conviction under the same Iowa possession-with-intent-to-deliver statute counted as a controlled-substance offense, even if the defendant only possessed hemp at the time. *See id.* at 470 ("[W]e may not look to current state law to define a previous offense." (citation omitted)). *Bailey* forecloses Swington's first sentencing challenge.

V.

But not the second. Before sentencing, Swington objected to two paragraphs of the presentence investigation report discussing whether he was a gang member. Despite the objection, the district court went ahead and checked a box "adopt[ing] the presentence investigation report." It never resolved the objection.

District courts must, "for any disputed portion of the presentence report[,] . . . rule on the dispute or determine that a ruling is unnecessary." Fed. R. Crim. P. 32(i)(3)(B). When a court fails to do so, we remand for a decision on the objection or a determination that a ruling is unnecessary, along with an accompanying change to the statement of reasons. *See United States v. Conrad*, 74 F.4th 957, 959–60 (8th Cir. 2023). On remand, the court should follow one of those two paths.

## VI.

We accordingly affirm the district court's judgment, except for a limited remand for consideration of Swington's objection to the presentence investigation report.

_____